1  BOWMAN AND BROOKE LLP
   Mark V. Berry (SBN 71062)
2  Richard L. Stuhlbarg (SBN 180631)
   Marion V. Mauch (SBN 253672)
3  879 West 190th Street, Suite 700
   Gardena, CA  90248-4227
4  Telephone No.: (310) 768-3068
   Facsimile No.:  (310) 719-1019
5
   Attorneys for Defendant FORD MOTOR COMPANY
6

7
8              UNITED STATES DISTRICT COURT
9        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
10

11 | FELIPE MAHE, LATANOA MAHE; | CASE NO.: CV10-1744 DSF (OPx)
12 | FATASEHI MAHE; TEVIPA MAHE; SIONE MAHE; E.T.M.I.C.M., a minor, | (Removed from Riverside County Superior Court–Case No.
13 | by and through his Guardian ad Litem, LATANOA MAHE; and | INC10006962)
14 | E.T.M., a minor, by and through his Guardian ad Litem, LATANOA MAHE, | Assigned to: Hon. Dale S. Fischer
15 | each individually and as successors-in-interest to decedents OVASI KI | Courtroom:   840
16 | MULE MAHE and P.M.; THE ESTATE OF OVASI KI MULE MAHE; | [PROPOSED] STIPULATED SHARING AND NON-SHARING
17 | and THE ESTATE OF P.M., | PROTECTIVE ORDER
18 |                   Plaintiffs, | Action Filed:     August 6, 2010
19 |         vs. | Discovery Cutoff: April 30, 2012
                 | Pretrial Conf.:    January 7, 2013
20 | CONTINENTAL TIRE THE AMERICAS, LLC., an Ohio Limited | Trial Date:         February 5, 2013
21 | Liability Company, formerly known as and successor-in-interest to
22 | CONTINENTAL TIRE NORTH AMERICA, INC.; FORD MOTOR
23 | COMPANY, a Delaware corporation; and DOES 1 through 10, and DOES
24 | 12 through 100, inclusive,
25 |                   Defendants.

- 1 -

CV10-1744 DSF (OPx)

## STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents produced by FORD MOTOR COMPANY ("Ford") in this action, it is ordered that:

1. Documents to be produced by Ford in this litigation that contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. The burden of proving that a Protected Document contains confidential technical information is on Ford. Prior to designating any material as "Protected," Ford must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information or other commercially sensitive information, the dissemination of which would damage Ford's competitive position. If a party disagrees with the "Protected" designation of any document, the party will so notify Ford in writing, and identify the document by bates number. If the parties are unable to resolve the issue of confidentiality, Ford will then timely apply to the Court to set a hearing for the purpose of establishing that said document is confidential. Any document so marked as "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or similar language, shall continue to be treated as such pending

determination by the Court as to its confidential status. Nothing in this Protective Order shall be construed to alter or shift the burdens of proof and persuasion as they apply to the assertion of privileges or exemptions from public disclosure.

4. The designation of Protected Documents may be made by marking or placing the applicable notice "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy in such a way that it does not obscure the text or other content of the document.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and absent further order of the Court, shall not be used for any purpose other than the preparation and prosecution of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than "Qualified Persons" without the prior written agreement of Ford or order of the Court after due notice to Ford. A "Qualified Person" under Section 6(e) is entitled to use Protected Documents in the preparation and prosecution of their case.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Employees of Counsel of Record who are involved in the preparation and trial of this action, which are covered under the signature of the Counsel of Record;

    c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided

      that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford; and

  d. The Court, the Court's staff, witnesses, and the jury in this case; and

  e. With respect to documents designated as "sharing," or "Subject to Protective Order," attorneys representing Plaintiff, and the experts and non-attorney consultants retained by such attorneys, in other cases pending against Ford involving a 2003-2006 Ford Expedition involved in a rollover with claims that the vehicle was defective because of the lack of ESC, Ford's Safety Canopy System, or a rollover sensing system, or claims that the roof was defective, provided no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

 7. Plaintiff/Plaintiffs' Counsel must make reasonable efforts to ensure the individuals described in paragraphs 6(b), 6(c), and 6(e) above are "Qualified Persons."

 8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel shall maintain a list of all recipients of "Protected Documents" to whom this paragraph applies and the original of every "Written Assurance" required pursuant to this paragraph. At the conclusion of the litigation, the parties shall forward to counsel for Ford each and every signed Written Assurance and a list of all recipients of the Protected Document, however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only

provide a copy of the Written Assurance redacted to remove any reference to the identity of the consultant(s); provided, however, that if Ford has a good faith reason to believe that Protected Documents produced in this case have been improperly disclosed in violation of this Order, then Ford may either request that Counsel for any other party provide the Written Assurance for non-disclosed consulting experts or may petition the Court to review the Written Assurances.

9. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

10. If any Protected Documents or information obtained therefrom is filed with this Court, the portion of such filing containing the Protected Document or information shall be filed under seal as permitted by the Court in accordance with the procedures and requirements of Local Rule 79-5.1 and the Standing Order for Cases Assigned to Judge Dale S. Fischer.

11. Protected Documents may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for Ford is present, and the parties agree that confidentiality of the Protected Documents and information shall continue to the maximum extent permitted by the Court, pursuant to such procedures as the Court may require.

12. All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose Protected Documents shall be filed under seal as permitted by the Court in accordance with the procedures and

requirements of Local Rule 79-5.1 and the Standing Order for Cases Assigned to Judge Dale S. Fischer and such documents shall not be publically available, except by further order of this Court.

13. Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all Protected Documents and "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

14. To the extent Ford is requested to produce documents it has determined should not be subject to the sharing provision of this protective order in paragraph 6(e), Ford will designate such documents as "Non-Sharing." Documents designated as "Non-Sharing" shall not be shared under paragraph 6(e).

15. With respect to Protected Documents designated as "Non-Sharing," within one hundred and twenty (120) days after the conclusion of this case, counsel for the parties who received Protected Documents, including any documents that any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, shall either (a) return to Ford the Protected Documents; or (b) securely destroy the Protected Documents and certify such destruction to Ford within one hundred and fifty (150) days after the conclusion of this case.

16. With respect to documents designated as "Sharing" or "Subject to Protective Order," Counsel for the parties shall not be required to return the Protected Documents to Ford after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

///

17. Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

18. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

19. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

20. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

21. As the Protected Documents may only be distributed to "Qualified Persons." Plaintiff's Counsel, and all persons described in paragraph 6 above, may not post Protected Documents on any website or internet accessible document repository, and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

22. This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or any other statute or substantive law applicable to this case.

23. The Stipulated Sharing and Non-Sharing Protective Order may be signed in counterparts and that photocopy(ies) or facsimile(s) may be submitted to the Court for filing as though and in lieu of the original of same containing original signatures.

IT IS SO ORDERED.

DATED: March 28, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| FELIPE MAHE, LATANOA MAHE; FATASEHI MAHE; TEVIPA MAHE; SIONE MAHE; C.M., a minor, by and through his Guardian ad Litem, LATANOA MAHE; and E.T.M., a minor, by and through his Guardian ad Litem, LATANOA MAHE, each individually and as successors-in-interest to decedents OVASI KI MULE MAHE and P.M.; THE ESTATE OF OVASI KI MULE MAHE; and THE ESTATE OF P.M., <br><br> Plaintiffs, <br><br> vs. <br><br> CONTINENTAL TIRE THE AMERICAS, LLC., an Ohio Limited Liability Company, formerly known as and successor-in-interest to CONTINENTAL TIRE NORTH AMERICA, INC.; FORD MOTOR COMPANY, a Delaware corporation; and DOES 1 through 10, and DOES 12 through 100, inclusive, <br><br> Defendants. | **CASE NO.: CV10-1744 DSF (OPx)** <br><br> (Removed from Riverside County Superior Court–Case No. INC10006962) <br><br> Assigned to: Hon. Dale S. Fischer <br> Courtroom:   840 <br><br> **DECLARATION OF RE STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER** <br><br> Action Filed:       August 6, 2010 <br> Discovery Cutoff:  April 30, 2012 <br> Pretrial Conf.:    January 7, 2013 <br> Trial Date:        February 5, 2013 |

**AFFIDAVIT OF** _____,
being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the Stipulated Sharing and Non-Sharing Protective Order attached hereto, and I understand its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court, Central District of California, Western Division, in the above captioned case and binds me to the provisions of the Stipulated Sharing and Non-Sharing Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This _____ day of _____, 20___.

_____
**AFFIANT**

SUBSCRIBED AND SWORN to before me this ___ day of _____, ____.

_____

NOTARY PUBLIC
Name:_____
No.:_____
My Commission Expires: _____

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

I hereby certify that on **March 21, 2012**, I served the documents: **[PROPOSED] STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

( )  **BY MAIL (F.R.C.P. Rule 5(b)(2))**

( )  **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2))**

( )  As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice, the envelope would be put in a sealed envelope and deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

(X)  **BY CM/ECF:** I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties as shown on the attached Service List.

( )  **BY PERSONAL SERVICE (F.R.C.P. 5(2)):** I delivered such envelope by hand to the addressee.

Executed on **March 21, 2012,** at Gardena, California.

(X)  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Regina Foley

## SERVICE/MAILING LIST
## Felipe Mahe, et al. v. Ford Motor Company, et al.

United States District Court
Central District of California - Western Division
Case No: CV10-1744-DSF (OPx)

| | |
|---|---|
| John D. Rowell<br>CHEONG, DENOVE, ROWELL, BENNETT & KARNS<br>10100 Santa Monica Boulevard, Suite 2460<br>Los Angeles, CA 90067 | **Attorneys for Plaintiffs**<br><br>Tel:   (310) 277.4857<br>Fax:   (310) 277.5254<br>Email: jdrowell@cdrb-law.com |
| Frank J. O'Kane, Jr.<br>THE O'KANE LAW FIRM<br>4110 Cahuenga Boulevard<br>Toluca Lake, CA 91602 | **Attorneys for Plaintiffs**<br><br>Tel:   (818) 769-7300<br>Fax:   (818) 769-7301<br>Email: frank@okanelaw.com |
| Anthony Latiolait<br>Bret R. Henry<br>YOKA & SMITH, LLP<br>777 South Figueroa Street, Suite 4200<br>Los Angeles, CA 90017 | **Attorneys for Defendant,**<br>**Continental Tire The Americas, LLC**<br><br>Tel:   (213) 427-2300<br>Fax:   (213) 427-2330<br>Email: alatiolait@yokasmith.com<br>         bhenry@yokasmith.com |